# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH DJOUMESSI,

        Defendant-Petitioner,

v.                                    Criminal Case No. 05-80110

UNITED STATES OF AMERICA,       Honorable Arthur J. Tarnow

        Plaintiff-Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [117], GRANTING A CERTIFICATE OF APPEALABILITY, GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD [116], AND DENYING PETITIONER'S MOTION TO ADMIT ALLEGATIONS [129]**

Before the Court is Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255 [117] in the underlying criminal case, #05-80110. On September 8, 2010, the Court held an evidentiary hearing in this matter. For the reasons that follow, Petitioner's Motion is **DENIED** based on the statute of limitations. Furthermore, Petitioner has not established a basis for equitable tolling.[1]

**I. Background**

Petitioner was convicted in 2001 in Oakland County Circuit Court of third-degree criminal sexual conduct and third-degree child abuse. The conviction

---

[1] Additionally, Petitioner's unopposed Motion to Expand the Record [116] is granted. Petitioner's Motion to Admit Allegations [129] is denied, as the Court previously granted [128] the Government's Motion for Permission to Respond [126].

stemmed from allegations that Petitioner and his wife enslaved a teenage girl from Cameroon in their home for several years, controlling her contact with the outside world and subjecting her to severe mistreatment (including physical and sexual abuse). *See People v. Djoumessi*, 2003 Mich. App. LEXIS 2746 (Mich. Ct. App. 2003) (affirming conviction).

In 2005, Petitioner was indicted on federal charges arising from the same allegations. Petitioner was found guilty in 2006 in this Court of holding the victim in involuntary servitude, conspiring to hold her in involuntary servitude, and harboring an alien for private financial gain.

In August 2008, the Sixth Circuit unanimously affirmed the conviction. *See United States v. Djoumessi*, 538 F.3d 547 (6th Cir. 2008). The Supreme Court denied Mr. Djoumessi's petition for writ of certiorari on January 12, 2009.

The instant §2255 motion was filed *pro se* on January 25, 2010. Petitioner asserts that he received ineffective assistance of counsel during his criminal prosecution.

On April 8, 2010, the Court appointed counsel for Petitioner after the Government failed to file a response to the motion.

Ultimately, the Government filed a Motion for Permission to Respond [126] on April 15, 2010, asserting that it had not received notice of Petitioner's motion until April 14, 2010. The Court granted the Motion for Permission to Respond on

April 22, 2010 [128].

The Government filed a response [131] in opposition to Petitioner's §2255 motion on May 3, 2010, asserting that the motion was barred by the statute of limitations and that Petitioner's claims regarding ineffective assistance of counsel, if the Court did consider them, lacked merit.

On July 26, 2010, the Court, following a status conference and hearing in this matter, granted Petitioner's request for an evidentiary hearing on the issue of whether the §2255 motion was timely filed and, if not, whether any equitable exception applied to permit its filing. Counsel for Petitioner was given the opportunity to submit a brief on the issue, which she filed on August 3, 2010. The Government filed its reply on August 16, 2010.

An evidentiary hearing was held on September 8, 2010. Following the hearing, both parties filed supplemental briefs addressing the issues raised at the hearing.

## II. Analysis

### A. The motion was filed untimely

Based on the Supreme Court's denial of Mr. Djoumessi's petition for writ of certiorari on January 12, 2009, both sides agree that Petitioner's §2255 motion was due on January 13, 2010. *See* 28 U.S.C. §2255(f)(1) (setting the statute of limitations period for §2255 motions at one year from "the date on which the

judgment of conviction becomes final"). However, the motion was not filed in this Court until January 25, 2010. Even taking into account the "prison mailbox rule," Petitioner's motion is untimely, as it was signed on January 15, 2010 and Petitioner testified that he mailed it "sometime around January 15, 2010." *See* Transcript at 8; *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

**B. Equitable tolling does not apply**

Nevertheless, Petitioner asserts that this Court should permit the filing of the motion pursuant to the doctrine of equitable tolling, as he was allegedly denied access to his legal documents for a period of seventy-one days ("July 30, 2009 until approximately October 10, 2009") while he was being transferred from state to federal custody after being paroled from his state conviction.[2] Petitioner's Supplemental Brief at 6. Moreover, Petitioner contends that he was under the mistaken belief that his §2255 motion had to be filed not within one year of the Supreme Court's denial of his petition for writ of certiorari (with the deadline being January 13, 2010) but rather within one year of the federal district court entering that denial (with the deadline being January 26, 2010, the date the district court docketed the Supreme Court's letter to the Clerk of the Sixth Circuit

---

[2] In his supplemental brief [146], Petitioner requests that at a minimum, equitable tolling should extend the filing date fifty days, which he indicates represents the period of "August 18, 2009 until the receipt of his legal materials sometime in early October [2009]." *See* Petitioner's Supplemental Brief at 6.

4

indicating the Supreme Court had denied cert).

Although the Court possesses the authority to invoke equitable tolling in some circumstances, the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should only be granted sparingly." *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). To obtain equitable tolling, a party must demonstrate:

> that he has been pursuing his rights diligently and that extraordinary circumstances stood in his way and prevented timely filing. In evaluating whether a claimant has made this showing, [courts are to] consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Not all factors matter in a given case; these considerations are by no means exhaustive; and [courts are to] look at each request for relief on a case-by-case basis.

*See Thomas v. Romanowski*, 362 Fed. Appx. 452, 454 (6th Cir. 2010) (unpublished) (citations and internal quotation marks omitted). Moreover, the Sixth Circuit has concluded, "'[A]bsent compelling equitable considerations,' as we have explained, 'a court should not extend limitations by even a single day.'" *Id*. at 454 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Additionally, "Prejudice may only be considered if other factors of the test are met and therefore can only weigh in the government's favor." *See Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.

2001). Finally, this Court has observed that based on prior case law, "The fact that [a petitioner] is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling." *See Truelove v. Curtin*, 2010 U.S. Dist. LEXIS 60022 at *8 (E.D. Mich. 2010).

After considering the above law, the testimony elicited at the September 8, 2010 hearing and the arguments raised in the parties' initial and supplemental briefs, the Court makes the following determinations:

Even assuming *arguendo* that Petitioner was unable to access while in transit his legal papers for over seventy days (from July 30, 2009, the date he was transferred to Sanilac County Jail, through October 10, 2009, the approximate date when Petitioner obtained his legal materials at FCI Elkton after arranging through his trial counsel, Andrew Wise, to have them picked up at Sanilac), courts have repeatedly held that the an inmate's time in transit is an unsuitable ground upon which tolling may be invoked.[3] *See Brown v. United States*, 20 Fed. Appx. 373,

---

[3] Furthermore, although this Court assumes *arguendo* that Petitioner was unable to access to his legal materials for the aforementioned period, the record does not establish Petitioner's contention in his supplemental brief [146] that the Government "significantly and unconstitutionally impeded [his] ability to diligently prepare his" motion throughout the transport period. *See* Petitioner's Supplemental Brief at 4.

Petitioner testified that he was taken from Mound Correctional Facility on July 30, 2009 for transport to Sanilac County Jail, where he stayed until August 18, 2009. *See* Transcript at 15. When Sergeant Bernard Hawk, the transportation supervisor came to pick him up, Petitioner

375 (6th Cir. 2001) (unpublished) (Court concludes that Petitioner's ninety

days in transit to his place of incarceration does not justify the invocation of

---

wanted to bring a foot locker containing his legal documents, along with a box containing his books. *Id*. at 15, 77. Sergeant Hawk testified that "they don't warehouse a lot of property" and told Petitioner that he was going to have to have somebody pick his stuff up because Hawk was not going to take it. *Id*. at 77. However, when Petitioner indicated to him that the foot locker and box contained legal materials, Hawk then agreed to take them. *Id*. at 77. Hawk and his partner then picked up the materials, which weighed "probably 70 pounds, 75 pounds." *Id.* at 78. Hawk did not open the locker or box but instead took Petitioner's word about the content being legal materials. *Id*. at 78. Petitioner saw them put his things in the transport vehicle. *Id*. at 15.

Although Petitioner stated that he was denied access to his legal materials at Sanilac, he also testified during cross-examination that he was given the Inmate Guide (Government's Exhibit B) there and indicated during the booking process that he understood its contents. *Id.* at 47-48. The Guide specifically states, "Inmates may possess legal mail/documents." *See* Government's Exhibit B at 2. Sergeant Hawk testified that if an inmate wanted to request his or her legal materials, he or she would submit an "intramural correspondence." *See* Transcript at 87; Government's Exhibit E. The facility retains these requests. *Id*. at 87. Sergeant Hawk checked to see whether Petitioner made any such requests for legal materials and found no such documents. *Id*. at 88. Also, the Inmate Guide that Petitioner admitted to receiving details the "Inmate Grievance Procedure." *See* Government's Exhibit B at 3. Despite Petitioner's testimony that he was denied access to his legal materials, he testified that he never filed a grievance. *See* Transcript at 54. Petitioner further testified that although he was permitted to (and did) access a computer with Westlaw access and that he knew it was necessary to sign a log noting access to the computer, Petitioner did not sign in. *Id*. at 49-50. Thus, the record does not demonstrate that the Government impeded Petitioner's ability to access his legal materials.

On August 18, 2009, Petitioner was airlifted from Sanilac to the Grady County Jail, where he stayed for three weeks until he was brought to FCI Elkton, his final destination. *Id*. at 21, 25-26. Petitioner's legal materials arrived at FCI Elkton "sometime in October [2009]. *Id*. at 32. Although Petitioner testified that he improperly had to arrange on his own to have his legal materials shipped to FCI Elkton because the marshals would not take it on the airlift and did not arrange to have it sent, that does not establish that Petitioner would have worked on his motion if he would have received his papers any sooner or that he would have submitted his motion any earlier than January 15, 2010 since he wrongly believed that he had until January 26, 2010 to file the motion. Petitioner believed when he filed his motion that he had completed it within the statutory deadline.

Nevertheless, Petitioner's claims regarding lack of access to his legal materials while in transit, as indicated above, are insufficient grounds under the case law for invoking equitable tolling.

7

equitable tolling); *see also Beltran-Sosa v. United States*, 2007 U.S. Dist. LEXIS 19335 at *7, 15 (W.D. Ky. 2007) (Court declines to invoke equitable tolling, finding, inter alia, that although Petitioner was in transit to a prison facility for "several months," he did not "[show] how his time in transit to [the facility] prevented him from filing a timely motion"); *United States v. Johnson*, 2010 U.S. Dist. LEXIS 7103, n.3 (W.D. Va. 2010) ("Where a petitioner claims that the transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling"); *United States v. Cherry*, 2010 U.S. Dist. LEXIS 107976 at *4-5 (E.D. Mich. 2010) (Court, in declining to invoke equitable tolling, notes that Petitioner's assertion that he is entitled to tolling is "undermine[d]" by the case law "addressing whether lack of access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of habeas proceedings" ). Accordingly, this Court will not invoke tolling for Petitioner's time in transit.

Moreover, even with his transit time, Petitioner still had nearly ten months to work on and complete his §2255 motion. Indeed, despite his claims that his access to his legal documents was restricted in the aforementioned time period, Petitioner was able to finish his motion and submit it prior to the date that he believed was the filing deadline. This undermines his claim that his alleged lack of access to his

legal documents affected his ability to file his motion. The record does not establish that even if he did have access to his legal materials during the above time period, Plaintiff would have thought the filing date was any different and would have submitted his documents before the correct deadline of January 13, 2009.[4] When the motion was submitted, Petitioner was under the belief that his filing was timely.

The question then emerges as to whether Petitioner's ignorance of the correct filing date was reasonable under the circumstances. The Court concludes that it was not.

Petitioner argues that he mistakenly believed that the filing deadline for the §2255 motion was one year from the entry in federal district court of the denial of his petition for writ of certiorari. However, even if, for the sake of argument, the Court credits Petitioner's testimony that this was in fact his genuine belief (rather than, as the Government contends in its Supplemental Brief, a self-serving assertion), such a belief was completely unreasonable.

The record establishes that Petitioner's trial counsel, Andrew Wise, sent Petitioner a letter dated January 12, 2009 informing him that his petition for writ of

---

[4] Although Petitioner testified that, upon learning of the Supreme Court's denial of his petition for writ of certiorari, he made "a conscious decision that [he] would try to get it in by December 30th [2009]," the record does not establish that even with access to his legal papers, he would have filed his motion in December 2009. *See* Transcript at 9.

certiorari had been denied. *See* Defendant's Exhibit 2. The letter went on to state, "As you know, you have one year from the entry of the denial to file your motion under 28 U.S.C. §2255." *Id*. The letter concluded with Mr Wise stating, "Please let me know if I can be of any further assistance."[5] *Id.* Along with the letter, Mr. Wise mailed Petitioner a copy of the Supreme Court's cert denial letter. *See* Government's Exhibit A.[6]

Nothing in attorney Wise's letter indicates or even suggests that the filing date for the §2255 motion had anything to do with the docketing in federal district court of the Supreme Court's letter stating that the cert petition was denied. The letter does not even indicate the words "district court." Additionally, nothing in the Supreme Court's letter denying cert that Mr. Wise sent to Petitioner indicates or suggests that the filing date for a §2255 motion bares any relationship to the docketing of the Supreme Court's denial letter in federal district court. That letter also does not mention the words "district court."

---

[5] Although attorney Wise did offer assistance, the Court notes that he was not representing Petitioner on the §2255 motion since Petitioner was asserting claims of ineffective assistance of counsel at trial. However, Mr. Wise did assist Petitioner in, as indicated above, obtaining his legal materials when he was transferred from state to federal custody.

[6] Mr. Wise testified that the only difference between Government's Exhibit A and the version of the cert denial letter from the Supreme Court that he sent to Petitioner was that the Government's Exhibit is addressed to the Clerk of the Sixth Circuit, while the version he sent to Petitioner was addressed to Mr. Wise. *See* Transcript at 68-69. The content of both letters was the same.

From these documents, Petitioner had no reasonable basis upon which to conclude that the filing date for the §2255 motion was one year from when the Supreme Court's cert denial letter was entered in federal district court. Rather, the letter Mr. Wise sent provided Petitioner with actual notice that the filing date was "one year from the entry of the denial" of the cert petition. *See* Defendant's Exhibit 1. The Supreme Court's letter (a letter Petitioner was given a copy of) makes clear that the entry of the cert denial was on January 12, 2009.[7] *See* Government's Exhibit A.

Furthermore, Petitioner testified that although he received Mr. Wise's letter in January 2009, he did not conclude that the filing date was January 26, 2009 until September 2009 when he obtained this Court's docket entry of the Supreme Court's cert denial letter. *See* Transcript at 9, 44. Petitioner admitted that he thus did not know the filing deadline for his §2255 motion for over seven months. *Id.* at 44-45. Nothing in the record indicates why Petitioner would wait over seven months to ascertain what that vital date was. Nothing establishes that he made any effort during that time period to obtain the correct date, such as researching the issue on his own, requesting this information from Mr. Wise, or contacting the

---

[7] Moreover, even if Mr. Wise had provided incorrect information to Petitioner regarding the filing date, the Sixth Circuit has concluded that "an attorney's mistake which results in missing the filing deadline imposed by the AEDPA [Antiterrorism and Effective Death Penalty Act] is not a basis for equitable tolling." *See Elliott v. Dewitt*, 10 Fed. Appx. 311, 313 (6th Cir. 2001) (unpublished).

11

district court.

Petitioner had no reasonable basis for concluding that the filing date for his petition was one year from when the district court docketed the Supreme Court's cert denial letter. Nobody provided him with incorrect information upon which he might have based that belief or restricted in any way his ability to ascertain the correct filing date. Simply claiming that one made an error in determining the filing date is an insufficient basis upon which this Court will invoke equitable tolling. *See Brown*, 20 Fed. Appx. at 375 ("Ignorance of the limitations period does not toll the limitations period); *see also United States v. Baker*, 197 F.3d 211, 219 (6th Cir. 1999) ("To allow an ignorance of the law excuse would encourage and reward indifference to the law); *United States v. Fisher*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

Although Petitioner barely missed the filing deadline, that is not grounds upon which the Court will apply tolling. As noted above, the Sixth Circuit has made clear that unless compelling equitable considerations exist, the statute of limitations should not be extended by even one day. *See Thomas*, 362 Fed. Appx. at 454; *see also Graham-Humphreys*, 298 F.3d at 561. Here, no such compelling equitable considerations permit Petitioner to file his motion late

The Court is aware that today's outcome is a harsh one, as Petitioner will be unable to pursue the merits of his §2255 motion even though he filed it only several days late. However, the statute of limitations, as established by Congress in 28 U.S.C. §2255(f), allows for no exceptions. Congress could have written exceptions into the statute but declined to do so. Appellate courts, while allowing for equitable tolling to permit late filings, have interpreted this doctrine restrictively, permitting trial courts to invoke the doctrine in very limited circumstances. In deciding this case, the Court does not write upon a blank slate but rather is bound by an Act of Congress and the rulings of higher courts. Until such time as Congress amends the law to permit late filings or an appellate court re-interprets what factors constitute equitable tolling, the Court will continue to abide by the statute and case law and not permit tolling based solely on the fact that a party barely missed the deadline.

### III. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255 [117] is **DENIED** based on the statute of limitations. Furthermore, Petitioner has not established a basis for equitable tolling.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Expand the Record

[116] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Admit Allegations [129] is **DENIED**.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c)(1)(b); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Having considered the matter, the Court concludes that reasonable jurists could debate whether the Court's procedural ruling was correct. The Court therefore **GRANTS** a certificate of appealability on the issue of whether the §2255

motion is barred by the statute of limitations. Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/Arthur J. Tarnow
Senior United States District Judge

Dated: November 17, 2010

I hereby certify that a copy of the foregoing document was served upon Joseph Djoumessi, #39418-039, FCI-Elkton, P.O. Box 10, Lisbon, OH 44432 and counsel of record on November 17, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager